Charles BIBBS, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE,
Defendant-Appellee.

No. 79–2137.

United States Court of Appeals,
Seventh Circuit.

Argued May 19, 1980.

Decided May 22, 1980.*

Opinion June 26, 1980.

---

* This appeal originally was decided by unreported order on May 22, 1980. See Circuit Rule 35. The panel has decided to issue the decision as an opinion.

PER CURIAM.

Charles E. Bibbs appeals from summary judgment determining that substantial evidence in the record supports the Secretary's denial of disability benefits. He argues that the ALJ incorrectly resolved ambiguities in the report of the examining physician, posed a baseless hypothetical to the vocational counselor, and improperly relied on his own observations during the hearing. Our review is severly limited. *Williams v. Califano,* 593 F.2d 282 (7th Cir. 1979).

Bibbs claims that the residual effects of a broken ankle suffered in April, 1977 rendered him disabled, within the terms of the Social Security Act, 42 U.S.C. § 423(d)(1)(A) and (d)(2)(A). Those residual effects include significantly reduced mobility of the ankle, inability to walk long distances, and pain. The ALJ sent Bibbs for a medical examination, and Bibbs now focuses on two statements in that physician's report.

First, the physician said, "The disability involving the ankle appears to be legitimate." Even if this were an opinion that the claimant is disabled, it would not be binding on the Secretary. *Allen v. Weinberger,* 552 F.2d 781 (7th Cir. 1977); *Hassler v. Weinberger,* 502 F.2d 172 (7th Cir. 1974). However, it is not an opinion. The word "disability" was used to mean merely "impairment." There is no doubt that the claimant suffers an impairment; the question is whether it is sufficiently severe to constitute a disability as defined by the Act.

The physician also said, "I would think that potentially he could do sitting work, but his educational level might prove restrictive along those lines." The claimant takes "potentially" as meaning sometime in the future, and as therefore implying that he is currently incapable of doing sitting work. Although the report is potentially subject to the claimant's interpretation, the ALJ read it as meaning that "claimant was capable of sedentary work assuming that his education was not too limited. . . ." This reading is equally reasonable and in context undoubtedly correct. The physi-

Daniel J. Rice, Rice & Trotto, Oak Park, Ill., for plaintiff-appellant.

Michael Zarski, Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

Before PELL, SPRECHER and CUDAHY, Circuit Judges.

cian's report cannot, in short, be taken as substantial evidence contrary to the Secretary's determination.

The ALJ put two hypotheticals to the vocational counselor. Assuming limitations such as the claimant himself described—ability to walk only two short blocks, ability to stand for only five or ten minutes, and ability to sit for only ten or fifteen minutes before needing to move about, so that the claimant would be unable to remain at a work station—the vocational expert testified that there would be no work for him in the economy. On the hypothesis that the claimant could walk three or four short blocks, stand for up to twenty minutes, and sit for up to an hour "perhaps with some stiffness and some pain causing discomfort, but not any loss of judgment or excruciating feelings," the vocational expert testified that numerous jobs would be available.

The assumptions in the second hypothetical are amply justified by the claimant's testimony and the ALJ's observations at the hearing. The claimant testified that he accompanies his wife shopping and walks along with her in the store. He also said he spends most of the day watching TV and does not usually stand. The ALJ observed that, "He sat in the hearing room for a period of time in excess of an hour with no apparent ill effects. He did not appear to suffer pain while sitting." The second hypothetical was not without basis in the record.

Finally, there is nothing improper in the ALJ's reliance upon his own observations during the hearing. *Cf. Mull v. Mathews*, No. SH C 76–66 (W.D.N.C. 4/4/77), CCH Unemployment Ins. Reporter ¶ 15,523. *Radcliff v. Califano*, No. C 77–2016 (N.D. Iowa 11/23/77), CCH Unemployment Ins. Report ¶ 15,668. This was essentially a credibility determination regarding the claimant's representations about the severity of his pain. It is entitled to considerable weight. *But see Lewis v. Weinberger*, 541 F.2d 417, 421 (4th Cir. 1976).

Although the claimant was not represented by counsel, that is insufficient to warrant a remand. *Smith v. Secretary*, 587 F.2d 857 (7th Cir. 1978). Here he was fully informed of his right to counsel, and the ALJ scrupulously satisfied his duty of establishing the facts and obtaining expert medical opinion.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Since the Secretary's determination is supported by such evidence, we are required to affirm.