**Alice HALVORSEN, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–2894.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1984.

Decided Sept. 19, 1984.

---

Charles H. Barr, Barr & Shapiro, Menomonee Falls, Wis., for plaintiff-appellant.

Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for defendant-appellee.

Before PELL, BAUER, and POSNER, Circuit Judges.

PELL, Circuit Judge.

Plaintiff, Alice Halvorsen, appeals from a summary judgment for defendant, the Secretary of Health and Human Services. On appeal, plaintiff contends that there was not substantial evidence in the record to support the administrative law judge's decision to deny her application for disability benefits. Additionally, plaintiff claims that the administrative law judge employed improper legal standards in his evaluation of the evidence. Finally, even if we reject her first two contentions, plaintiff maintains that we should remand the case for further development of the record.

## I. THE FACTS

Plaintiff is now a forty-eight year old woman. When she was a young girl, a bicyclist ran into her. The collision rendered her unconscious for several minutes. About one month later, plaintiff suffered an epileptic fit. She has continued to have epilepsy ever since. Nonetheless, plaintiff was able to graduate from high school,

after which she obtained a number of jobs. Between 1955 and 1963, plaintiff had seven different jobs—one in an office, one in industry, and the other five times as a waitress and/or cook in various restaurants. Only one job lasted longer than five months, and, counting all seven jobs, she worked for only thirty-three months during the entire nine year period. According to her testimony at the administrative hearing, each employer fired her for reasons related to her epilepsy. Either she was too slow to keep up with the work due to her medications, or she would have an accident when her fits occurred while on the job, such as dropping trays full of dishes. She claims that, after 1963, she went eight years without a job and has worked only three times for a total of less than eight months.

In 1979, she applied to defendant for disability benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. In her application, she alleged that the epilepsy had made her disabled as of December 31, 1959. There is no indication in the record as to why she did not allege a disability for her entire adult life, but whatever the reason may have been has no relevance to this appeal. Because of her work history, plaintiff lost her eligibility for disability payments on September 30, 1965. The question, then, is whether plaintiff was disabled within the meaning of the Act on or before September 30, 1965.

The Waukesha, Wisconsin, district office of the Social Security Administration denied plaintiff's initial application for benefits on September 19, 1979, and affirmed the denial on January 31, 1980. Plaintiff's request for reconsideration was denied in February 1980, whereupon plaintiff filed a request for a hearing, which was held on September 23, 1980. Plaintiff was the only witness at the hearing. She testified as to her medical history, the severity and frequency of the different types of seizures that she experienced, and the failure of her various medications completely to control her seizures, despite suffering a number of negative side effects from the drugs. She identified a number of factors, including job stress, that resulted in a temporary increase in the frequencies of the seizures. On the whole, she asserted that the type, severity, and frequency had remained fairly constant from 1955 through the insured period and at least until the time of the hearing. Her mild seizures, lasting only a couple of minutes, would cause her to shake and lose her memory as well as leaving her sluggish after they ended. Severe seizures resulted in the loss of control of her bodily functions, fainting, an inability to speak, and a subsequent severe sluggishness, which caused her to have to rest for about one hour.

Plaintiff submitted a substantial number of medical reports. The first set of reports came from a Dr. Forster, who treated plaintiff in the winter of 1959, about nine months before the onset of the alleged period of disability. In addition to reciting plaintiff's medical history, Forster reported that, in the month following his initial examination of plaintiff, she suffered only four mild seizures, and none in the last two weeks of that month. The only report during the insured period came from Dr. Davis, who examined plaintiff in mid-1961. Davis also recited the history of plaintiff's disease in substantial conformity with plaintiff's testimony and specifically stated that plaintiff had never gone longer than one month without a seizure. Davis noted that medication had never completely controlled the epilepsy. Davis described the results of plaintiff's electroencephalogram as "a grossly abnormal record with abnormally slow activity and atypical petit mal variant dysrhythmia."

Plaintiff also received treatment at an epilepsy center, from March 1966 through the time of the hearing, all of which time postdates the end of the insured period. The initial report of the center again recounted plaintiff's medical history of a continuous pattern of seizures since the time of her accident. The records produced while she was under care at the center reveal the same pattern of seizures as her earlier histories had indicated, although there were several seizure-free periods of

up to six months. Finally, plaintiff presented to the administrative law judge a vocational report prepared in 1980 by a man named Baumgart, who stated that plaintiff has "a history of unsuccess[ful] employment" that "does not constitute successful gainful employment." Baumgart noted the inability of medication to control her seizures and the fact that her condition had remained "essentially unchanged since 1954." He concluded: "It is my opinion that based upon this woman's age, work history and medical problems that she is currently and has since 1954 been unable to participate in successful, gainful employment for a period of twelve months or longer."

## II. ADMINISTRATIVE AND DISTRICT COURT PROCEEDINGS

The administrative law judge ruled that plaintiff was not entitled to disability insurance benefits. He stated that he had considered all testimony and documents submitted to him. The judge noted that plaintiff had held several jobs for longer than three months even though two-to-three months was the frequency of her major seizures. This fact led him to conclude that she

> had demonstrated the ability to engage in substantial gainful activity in the past. [I] am impressed with the lack of medical evidence of the claimant's disability prior to June of 1965 .... While there is clear evidence that the claimant has a seizure disorder which is now disabling, and even though Mr. Baumgart, at the claimant's attorney's request, gave the claimant a vocational evaluation and concluded that ... the claimant had been since 1954 unable to participate in substantial gainful employment for a period of 12 months or longer, the record simply does not demonstrate that the claimant's seizure disorder was of a level of severity which would have precluded her from engaging in work she subsequently did on at least five occasions for greater than 3 month periods, since her alleged disability onset date, that is, work as a waitress.

In brief, the administrative law judge concluded that plaintiff was not disabled, based principally upon an asserted lack of medical evidence from before the expiration of the insured period and her "demonstrated ability" to work. The judge made several express findings, including one that plaintiff retained the residual functional capacity to work as a waitress throughout the insured period. The judge made no express finding as to plaintiff's credibility.

The Appeals Council denied plaintiff's request for review. The Council relied, in large part, upon Dr. Forster's 1959 conclusions that plaintiff's electroencephalogram was normal and that her condition has responded well to medication. The Council concluded that there was substantial evidence to support the decision of the administrative law judge.

Plaintiff then appealed the decision to the United States District Court for the Eastern District of Wisconsin. A magistrate recommended that the district court grant defendant's motion for summary judgment. The magistrate noted the lack of medical evidence from the insured period and stated: "The limited medical evidence in the record suggests that the plaintiff's condition was responding to medication." Finally, the magistrate agreed with the Appeals Council that plaintiff had not satisfied her burden to show that she was disabled, within the meaning of the Act, on September 30, 1965. Over plaintiff's objections to the magistrate's recommendation, the district court concluded, in a two-paragraph order: "I have made a 'de novo determination of the ... recommendations to which objection is made.' [28 U.S.C. § 636(b)(1)(C).] I have determined that the magistrate's recommendation is appropriate in this case." Plaintiff appeals from the district court's ruling.

## III. THE STATUTORY FRAMEWORK

To establish an entitlement to disability benefits, plaintiff must demonstrate that, as of September 30, 1965, she was disabled within the meaning of section 216(i)(3)(B)(i)

of the Social Security Act, 42 U.S.C. § 416(i)(1). That subsection defines "disabled" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months ...." A " 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Social Security Act § 223(d)(3); 42 U.S.C. § 423(d)(3).

These statutory provisions, along with their concomitant regulations, *see principally* 20 C.F.R. § 404.1520 (1983), have led to the establishment of a five-step test to determine whether a claimant is disabled. We have recently summarized this test as follows:

> The following steps are addressed in order. (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.

*Garfield v. Schweiker,* 732 F.2d 605, 607 n. 2 (7th Cir.1984). From the nature of the administrative law judge's decision to deny plaintiff benefits, it is clear that step four was the determinative inquiry, *id.* at 607, with plaintiff's work as a waitress being the past relevant work.

■ A claimant has the burden of proof to establish an inability to return to her past relevant work, while, if the claimant meets that burden, the Secretary then has the burden to prove that there is some other substantial gainful employment available that the claimant can perform. *Whit-*

*ney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982).

■ We are constrained to affirm the decision to deny benefits as long as the findings of the Secretary are supported by substantial evidence and the Secretary applied the correct legal standards. 42 U.S.C. § 405(g). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

## IV. ANALYSIS

The administrative law judge conceded that plaintiff was disabled as of the time of the hearing, but held that there was insufficient evidence to show that she was disabled as of September 30, 1965. Plaintiff correctly points out that there is nothing in the record to suggest that her condition worsened since 1965. The absence of such evidence, however, is not determinative of when plaintiff became disabled because the burden rests upon a claimant to demonstrate an inability to engage in past relevant work within the insured period. *Stark v. Weinberger,* 497 F.2d 1092, 1098 (7th Cir.1974).

■ Plaintiff claims that the administrative law judge improperly refused to consider evidence from after 1965 in deciding whether plaintiff was disabled in 1965. Defendant counters that the administrative law judge considered all the evidence. Indeed, the administrative law judge's opinion states that he considered all the evidence, but the analysis in his written opinion undercuts that assertion. There can be no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period. *Id.* at 1097. Any other rule would restrict unduly the availability of benefits under the Act.

The record indicates that the administrative law judge gave little, if any, consideration to plaintiff's post-1965 medical records when he determined that plaintiff was not

disabled as of September 30, 1965. For instance, he noted that all the medical records except the Davis report "refer to a time subsequent to September 30, 1965, when the claimant was last insured." He continued: "The undersigned is impressed with the lack of medical evidence of the claimant's disability prior to June of 1965.... The medical record is very sparse and contains only one exhibit dealing with the treatment of the claimant's seizure disorder prior to September 30, 1965."

Only if we view the evidence from prior to 1965 in isolation, and perhaps not even then, could we say that the administrative law judge's decision was supported by substantial evidence, but the evidence must not be viewed in isolation. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477–78, 71 S.Ct. 456, 459–460, 95 L.Ed. 456 (1951). The failure of the administrative law judge to consider the post-1965 records thus mandates reversal of this case. On remand, the Social Security Administration must consider the post-1965 evidence in determining whether plaintiff was disabled as of 1964. In addition, there are several other shortcomings in the administrative disposition of this case that should be corrected on remand.

■ For example, we note our distinct impression that, throughout the insured period, plaintiff was incapable of obtaining and keeping a job as a waitress, her past relevant work. The only evidence of why she lost her many jobs came from her own testimony at the hearing. She stated that she dropped trays full of food and dishes, that she was unable to remember customers' orders or to add their bills accurately, and that she was too slow to keep up with the work. Since there was no countervailing evidence, the administrative law judge's decision that plaintiff was capable of returning to her past relevant work necessarily encompasses a rejection of plaintiff's testimony. Nonetheless, the administrative law judge failed to make any explicit credibility determination. As we have recently held in *Zblewski v. Schweiker*, 732

F.2d 75, 78, 79 (7th Cir.1984), when there is considerable evidence in opposition to the agency's disposition, rejection of an entire line of evidence must be accompanied by an explicit and reasoned explanation for that rejection. Sitting as an appellate court, we cannot say as a matter of law that plaintiff was credible, irrespective of the fact that there were extensive medical reports consistent with her testimony. We merely hold that, if the administrative law judge rejects plaintiff's testimony, he must articulate the grounds for that rejection.

We also find absolutely no support for the magistrate's statement, in his recommendation to the district court, that the medical evidence "suggests that the plaintiff's condition was responding to medication." The only possible evidence in support of that statement lies in the report of Dr. Forster, which predates the claimed disability period by over nine months. The Davis report from 1961, the only report from the insured period, specifically noted that plaintiff's condition had failed to respond well to medication. The magistrate's reliance upon Forster's statement, a reliance also found in the decision of the Appeals Council, highlights an anomaly in the various decisions in this case. While the administrative law judge refused to consider post-1965 evidence to determine if plaintiff was disabled by 1965, the Appeals Council and the magistrate gave great emphasis to an isolated report from before the alleged period of disability. If anything, it would seem that pre-period evidence is substantially less probative than post-period evidence when dealing with the problem of a continuing medical condition.

■ Finally, we fail to comprehend why the administrative law judge attached such great significance to the fact that plaintiff worked, on several occasions, for longer than the apparent frequency of her major epileptic seizures, three months. For instance, the administrative law judge stated that plaintiff had "a major attack every 2 to 3 months. However, ... she worked longer than 3 months on numerous occasions ...." He also stated that

the record simply does not demonstrate that the claimant's seizure disorder was

of a level of severity which would have precluded her from engaging in work she subsequently did on at least five occasions for greater than 3 month periods .... The claimant's work record demonstrates her ability to work as a waitress subsequent to the date she was last insured.

(Record citation omitted.)

The fact that plaintiff worked for a period longer than the frequency of her major seizures does not, by itself, indicate an ability to engage in substantial gainful activity. Otherwise, if the mere holding of a job for brief and intermittent periods undeniably established an ability to engage in substantial gainful activity, a modestly disabled person would have a substantial disincentive to try to procure work. Such a result is obviously undesirable and is in no way compelled by either the wording of the statute or the legislative history. Even the regulations of defendant recognize this principle.

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level.

20 C.F.R. § 404.1573(b). *See also Stark v. Weinberger*, 497 F.2d at 1100; *DePaepe v. Richardson*, 464 F.2d 92, 100 (5th Cir. 1972); *Kendrick v. Califano*, 460 F.Supp. 561, 569 (E.D.Va.1978).

That plaintiff worked longer than the frequency of her major seizures could be due to a number of factors that find support in the record: that the seizures took place at night or, perhaps, on her days off; that co-workers helped her out during her periods of distress; that she merely rested for an hour or so and then returned to work; or that she had a sympathetic employer. There is no talismanic significance to the three-month rule. The administra-

tive law judge attached great significance to the fact and then held that, in combination with the state of the medical evidence, the fact was determinative. There is no support for this aspect of the administrative law judge's decision.

Upon remand, the Social Security Administration must again determine whether plaintiff was disabled as of September 30, 1965. We have already expressed our impressions in this regard, but there may be a not-yet-disclosed reason to reject plaintiff's testimony. If so, the administrative law judge must make an explicit finding, with rationale, of a lack of credibility in order to ensure an adequate basis of review. Finally, if, as we have suggested, plaintiff was incapable of returning to her past relevant work as a waitress, the burden shifts to the Secretary to establish that plaintiff was capable of performing other work within the economy. If defendant is unable to carry that burden, then plaintiff is entitled to benefits under the Act.

## V. CONCLUSION

The decision of the district court is RE-VERSED with instructions to remand the case to the Social Security Administration for further proceedings consistent with this opinion.