Emma J. HEBNER, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. S 84–162.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 1, 1985.

Marie Waring Mengel, Elkhart, Ind., for plaintiff.

R. Lawrence Steele, Jr., U.S. Atty. by David H. Kreider, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision denying plaintiff's application for Supplemental Security Income. On July 30, 1984 plaintiff filed a motion for summary judgment requesting that this case be (1) remanded for further proceedings on the ground that plaintiff was not afforded a full and fair hearing before the Administrative Law Judge (ALJ) and (2) reversed because the ALJ's decision was not based on substantial evidence. In her cross motion for summary judgment filed November 6, 1984, the defendant responded to plaintiff's arguments and requested the court to affirm the Secretary's decision.

## I. FULL AND FAIR HEARING

It is a basic obligation of the ALJ to develop a full and fair record at the

hearing and his failure to do so constitutes good cause sufficient to remand the case to the Secretary under 42 U.S.C. § 405(g) for the taking of additional evidence. *See, e.g., Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981); *Smith v. Secretary of Health, Educ. and Welfare,* 587 F.2d 857, 860 (7th Cir.1978). Further, where a disability claimant is not assisted by counsel, the ALJ especially has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts ...," *Gold v. HEW,* 463 F.2d 38, 43 (2nd Cir. 1972); *Cannon v. Harris, supra; Smith v. HEWsupra,* since it is well established that hearings to determine whether claimants are entitled to disability benefits are not adversary proceedings. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Cannon v. Harris, supra.* Accordingly, the lack of representation of a disability claimant at an ALJ hearing is not *per se* grounds for remanding a case. *Bibbs v. Secretary of Health, Educ. and Welfare,* 626 F.2d 526, 528 (7th Cir.1980); *Smith v. Secretary of Health, Educ. and Welfare, supra.* Rather in a case where a claimant is not represented by counsel, there must be a showing of clear prejudice or unfairness to justify remand. *Sykes v. Finch,* 443 F.2d 192 (7th Cir.1971); *Perez v. Heckler,* 581 F.Supp. 1095, 1100 (N.D.Ind.1984).

In this case there is no evidence in the record that the ALJ was biased or otherwise unfair. However, there is a serious question as to whether plaintiff was competent to adequately present her case. Although the record appears to indicate that she voluntarily waived her right to counsel, it is not clear that she understood what she was doing—that she understood the issues involved, her burden of proof or the standards of disability. The record reveals that she had a seventh grade education and could read a little bit. (Tr. 23). The record also reveals that pulmonary function studies could not be done after eight attempts because plaintiff could not comprehend the instructions. (Tr. 70). Further, in answering questions propounded to her by the ALJ, the record indicates that plaintiff had difficulty formulating answers that responded to the question. Thus, even though the ALJ attempted to elicit the necessary information, the record reveals that he was not very successful.

This court notes that the Secretary proffered substantial evidence to support the denial of benefits. However, because of plaintiff's competence, or lack thereof, the court cannot overlook the prejudicial effect of claimant's lack of representation in this case. Therefore, pursuant to 42 U.S.C. § 405(g), this case must be remanded for a new hearing. On remand, however, the claimant is instructed to closely follow the guidelines for admission of new evidence set out in *Czubala v. Heckler,* 574 F.Supp. 890, 897 (N.D.Ind.1983).

Accordingly, it is hereby ORDERED that the Motions for Summary Judgment filed by plaintiff and defendant are DENIED and this case is hereby REMANDED to the Secretary for a new hearing.