779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEONA ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-3929
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal From The United States District Court for the Northern District of Ohio
 BEFORE: KEITH and KENNEDY, Circuit Judges, and WISEMAN.*
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, Leona Robinson, appeals from a decision of the United States Court for the Northern District of Ohio which affirmed the Secretary of Health and Human Services' final determination that plaintiff is not disabled.
 
 
 2
 Appellant Robinson initially filed an application for entitlement to Disability Insurance Benefits on January 9, 1978. In that application Ms. Robinson alleged that she became disabled on January 7, 1977, because of a back and leg injury and that she had arthritis in her neck. The claim was denied initially and upon reconsideration. The first administrative hearing in this matter was held on December 19, 1978. A decision was rendered on February 21, 1979, in which it was concluded that the claimant was capable of engaging in substantially gainful employment and, therefore, not under a disability. This decision was affirmed by the Appeals Council.
 
 
 3
 Subsequently, Ms. Robinson filed an appeal of the Secretary's decision to the United States District Court for the Northern District of Ohio, Eastern Division. On January 21, 1981, the district court remanded the matter to the Secretary for a new decision because of the introduction of new and material evidence. Pursuant to the district court's remand order, a second administrative hearing was held on May 11, 1981.
 
 
 4
 Additional medical evidence was introduced into the record and evaluated by the Administrative Law Judge (hereinafter 'ALJ'). On July 28, 1981, the ALJ issued a recommended decision which again found that Ms. Robinson was not entitled to benefits under the Social Security Act. The Appeals Council affirmed the decision of the ALJ on October 6, 1981. This decision, then, became the final decision of the Secretary.
 
 
 5
 A motion to reopen the appeal in the district court was filed by Ms. Robinson on December 4, 1981. This motion was granted on July 21, 1982. The matter was referred to a United States Magistrate for a Report and Recommended Decision. On April 27, 1984, the Magistrate recommended that judgment be entered in favor of the defendant-appellee Secretary. Objections to this Report and Recommended Decision were filed by Ms. Robinson. The Secretary filed a Response to these objections. The district court judge, on August 31, 1984, issued a final judgment in this action which granted the Secretary's motion for summary judgment filed in this action. Appeal of this final judgment of the district court was timely filed with this Court on October 30, 1984.
 
 
 6
 The key issues on appeal are whether the ALJ gave enough credence to appellant's subjective testimony of pain, and whether enough weight was given to appellant's physicians' reports of disability. Our standard of review is limited to determining whether the Secretary's finding was supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). In practice, this means that great deference must be accorded the Secretary's findings and determinations, and that this Court should not review the facts de novo. For the reasons stated below, we affirm the district court judgment that the Secretary's determination was supported by substantial evidence.
 
 I.
 
 7
 At the hearing held before the ALJ, Ms. Robinson testified that she had constant pain and suffered from many physical and mental ailments including arthritis, gout and depression. With respect to her gout, she admitted that medicine does control it. At her second administrative hearing on May 11, 1981, Ms. Robinson stated that she is disabled due to severe pain in her back, knees, ankles, hands and elbows resulting from past injuries and arthritis. Despite such alleged pain, Ms. Robinson testified that on a typical day she washes herself, dresses herself, and washes dishes. Additionally, appellant stated that once or twice a week she goes out to the grocery store, to the bank, and to her sister's house. Appellant is also able to drive a car.
 
 
 8
 The medical record indicates Ms. Robinson sustained an injury to her back when she fell at work on January 4, 1977. However, a lumbosacral spine x-ray revealed no evidence of fracture, dislocation or other abnormality. On June 30, 1977, Ms. Robinson was treated for a back injury resulting from an automobile accident at Suburban Community Hospital, and was diagnosed as having 'cervical and low back strain.' Subsequent to the automobile accident, appellant has been treated for her complaints of low back strain. An x-ray was taken of appellant's complete spine which revealed 'minimal osteoarthritis, cervical vertebrae, otherwise normal vertebrae column.' Appellant was given conservation therapy consisting of hot packs and massages to her back.
 
 
 9
 Appellant first contends that the district court erred in concluding that her gain did not constitute a disability. It is well-settled in this Circuit that pain alone, if the result of a medical impairment, may be severe enough to constitute a disability. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). In King, this Court held that an ALJ's finding of pain or lack thereof based upon the credibility of a claimant is to be accorded great weight. The 7th Circuit, in Bibbs v. Secretary of HEW, 626 F.2d 526, 528 (1980) addressed this same issues:
 
 
 10
 There is nothing improper in the ALJ's reliance upon his own observations (of petitioner's assertion of great pain) during the hearing. This was essentially a credibility determination regarding the claimant's representations about the severity of his pain. It is entitled to great weight.
 
 
 11
 Upon review of the record, we conclude substantial evidence supports the ALJ's conclusion that appellant's subjective reports of disabling pain are unsubstantiated. Appellant's ability to engage in a variety of everyday activities like driving, doing dishes, bathing, and the lack of objective, clinical evidence indicating disability, substantially support the ALJ's determination that appellant's testimony of disabling pain was not credible.
 
 II.
 
 12
 Petitioner next asserts that the Secretary unjustifiably rejected the report of her treating physicians which indicated she suffered from severe disability. A report by Dr. Morrison concluded by stating Ms. Robinson 'is totally disabled because of her sero-negative pallindromic arthritis, a persistent her treating physicians which indicated she chronic anxiety tension state with depression.' However, the record contains no objective, clinical evidence to buttress this finding of disability. In fact, Dr. Morrison concluded in a report dated December 23, 1979 that appellant is receiving some benefit from a new anti-arthritic drug. Further, the doctor reported no clinical evidence of joint inflamation over an extended period or other medical symptoms to support his conclusion of total disability. Appellant also contends the Secretary afforded little consideration to a May 15, 1981 letter by Dr. Kaffen which stated appellant suffered a 'disability'. However, the district court properly refused to consider the letter as probative since it was post-dated March 31, 1979, the last date of petitioner's fully insured status for disability benefits.
 
 
 13
 In our view, under the case of Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985) the appellant's contention that the opinions of her treating physicians were insufficiently weighed fails:
 
 
 14
 The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). This is true, however, only if the treating physician's opinion is based on sufficient medical data. Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984). Ultimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician. (Emphasis added.)
 
 
 15
 After careful review of the record, we conclude substantial evidence supports the Secretary's conclusion that appellant suffers no disabling pain or physical impairment to warrant a grant of disability benefits.
 
 
 16
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation