915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny JOHNSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 89-2269.
 United States Court of Appeals, Seventh Circuit.
 Argued April 6, 1990.
Decided Sept. 24, 1990.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Johnny Johnson's claims for Social Security disability insurance benefits and supplemental security income benefits were denied by an Administrative Law Judge (ALJ) following a hearing. He appealed to the district court, which granted summary judgment for the Secretary of Health and Human Services. Johnson appeals, and we affirm.
 
 I. Background
 
 2
 Johnson was a hospital janitor from 1964 to 1983. His job required him to walk or stand for most of the eight-hour work day, and he occasionally lifted weights up to 50 pounds. He claims he became disabled on March 15, 1983 due to: back pain that made bending difficult, headaches, arthritis, dizziness caused by high blood pressure, and pain in the left foot, shoulders and neck. After his applications were denied initially and upon reconsideration, Johnson requested a hearing before an ALJ. The ALJ denied Johnson's claims, holding that Johnson was capable of performing his previous work as a janitor, and the appeals board affirmed.
 
 
 3
 Most of Johnson's medical evidence related to injuries sustained during on-the-job falls in 1980 and 1982, prior to the claimed onset date of disabilities. The district court summarized this evidence:
 
 
 4
 The first [fall] occurred in April 1980 when he tripped and fell hurting his back. According to the administrative record, the x-rays taken in April 1980 disclosed narrowed disc spaces at the C5-C6 and C6 and C7 levels with hypertrophic osteoarthrosis (a type of arthritis), normal pelvis and hips, narrowed disc spaces at the L5-S1 level with some spurring at the L5, a normal right femur (leg bone), and an otherwise normal cervical spine, lumbosacral spine, and sacroiliac articulations. An x-ray of the plaintiff's right shoulder revealed a slight irregularity but the radiologist felt that this might represent an old healed injury.
 
 
 5
 The record shows that the plaintiff had a second on-the-job fall when he slipped going down some stairs ... in November 1982. The plaintiff was treated by Dr. Ramos who diagnosed lumbosacral strain, prescribed fiornal for the pain, and referred the plaintiff to an orthopedic surgeon. Views of the lumbosacral spine, pelvis, and right hip disclosed no evidence of acute fracture, dislocation, or bone destruction.
 
 
 6
 Johnson did not present any evidence from his only treating physician, Dr. Turner, between March 1983, the alleged onset date of disability, and late 1985. The ALJ, finding that "Dr. Turner had no records concerning the treatment of the claimant" and that Dr. Turner had not treated Johnson within the previous year, concluded that:
 
 
 7
 [t]he record therefore lacked any evidence between March 1983 and late 1985 to otherwise assess the claimant's residual functional capacity and correspondingly the weight which should be given to his testimony. All of the remaining evidence of record deals with treatment received in 1986 and 1987.
 
 
 8
 Dr. Turner did assess Johnson's residual functional capacity in July of 1986, and at that time indicated that Johnson had osteoarthritis and hypertension. Dr. Turner's statement indicated a decreased range of motion in Johnson's arms, legs, feet, shoulder and right hip but did not say how many degrees. Dr. Turner concluded that Johnson was "moderately disabled," but also described his condition as "inactive." Dr. Turner noted that Johnson only had partial capacity for bending, stooping and turning, but that there were no limitations on walking, standing, sitting, climbing and pushing.
 
 
 9
 The record also contained a report from a Dr. Hirschfield (mistakenly called Dr. Fischer by the ALJ), who in 1984 examined Johnson in connection with a now-settled workmen's compensation claim. Dr. Hirschfield diagnosed a lumbosacral strain with some type of sciatic radiation to the right leg. However, the physical examination revealed full range of forward flexion in the lumbar spine and a loss of only 5 degrees of backward extension of the lumbosacral spine.
 
 
 10
 Dr. Gonzalez was Johnson's treating physician from September 1986 to November 1987. Dr. Gonzalez' reports and notes, based on x-rays of Johnson, provided some support for Johnson's claims of pain, but summaries of physical examinations by Dr. Gonzalez indicated that Johnson maintained a full range of motion in his right shoulder and elbow despite complaints of pain. Dr. Gonzalez on May 13, 1987, summarized Johnson's complaints and indicated that Johnson should not lift or carry more than 10 pounds. In Dr. Gonzalez' last entry, on July 7, 1987, he noted no loss of motion in any body joint and no complaints of pain in the lumbosacral spine.
 
 
 11
 The ALJ, after carefully considering the entire record, made the following findings:
 
 X
 
 12
 * * *
 
 
 13
 4. The medical evidence establish [sic] that the claimant had degenerative arthritis and controlled hypertension but that he does not have an impairment listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.[1]
 
 
 14
 5. At all times relevant to this decision the claimant retained the residual functional capacity to perform the work-related functions of medium level work.
 
 
 15
 6. The claimant's complaints of pain and functional limitations are inconsistent with and unsupported by the objective clinical findings and other evidence of record and the testimony was therefore not considered as convincing evidence.
 
 
 16
 7. The claimant's past relevant work was as a janitor and did not require work-related activities in excess of medium level work activity.[2]
 
 
 17
 8. The claimant's impairments did not prevent him from performing his past relevant work.
 
 
 18
 9. The claimant was not under a disability as defined in the Social Security Act at any time through the date of this decision.
 
 
 19
 In his evaluation of the evidence, the ALJ specifically discounted Dr. Ramos' treatment records because they were prior to the onset date, pointed out that Johnson could not rely on Dr. Turner's treatment because Dr. Turner's records were not provided, and refused to give any weight to Dr. Gonzalez' May 13, 1987 medical report because it "contained only the subjective complaints of the claimant" and "did not provide the necessary medical assessment to allow [the ALJ] to determine whether or not the claimant was disabled...." The ALJ's conclusions regarding the three doctors' records, affirmed by the district court, are the main focus of Johnson's case on appeal.
 
 II. Standard of Review
 
 20
 Findings of the ALJ, on behalf of the Secretary of Health and Human Services, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). Our standard of review, just like that of the district court, is deferential:
 
 
 21
 Neither the district court nor this court may reweigh the evidence. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ).... Therefore, the question presented for review is not whether [the claimant] is disabled, but only whether the ALJ's finding of non-disability is supported by substantial evidence in the record.
 
 
 22
 Walker v. Bowen, 834 F.2d 635, 639-40 (7th Cir.1987) (citations omitted).
 
 
 23
 Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).
 
 III. Discussion
 
 24
 Johnson first argues that the ALJ "wrongfully refused to consider evidence from Dr. Ramos" because it predated the onset date of disability, and that Dr. Turner's failure to produce medical evidence should not be used against Johnson.
 
 
 25
 However, the ALJ did not "refuse to consider" Dr. Ramos' medical reports. The ALJ specifically discussed the diagnoses made at Johnson's discharge from the hospital after his 1982 fall, and Dr. Ramos' 1982 diagnosis of lumbosacral strain was duly considered. The ALJ merely pointed out that the majority of Johnson's evidence came from prior to his proposed onset date in 1983, or much later than that onset date. The ALJ thus concluded that Johnson failed to show he was disabled at the time of the claimed onset of disabilities. He was unable to back up with medical evidence his subjective testimony of pain and suffering in 1983. Johnson is correct that the ALJ should consider the record as a whole, including pre-onset evidence (particularly relating to a degenerative condition) and post-onset evidence. See Halvorsen v. Heckler, 743 F.2d 1221, 1225-26 (7th Cir.1984). We are satisfied that the ALJ followed the proper procedure by considering such evidence in this case, but he nevertheless concluded that substantial evidence did not support Johnson's claims.
 
 
 26
 Johnson also suggests he should not be held responsible for Dr. Turner's failure to provide Johnson's medical records from 1983 to 1985. But as the district court pointed out, regardless of whose fault it is, "[t]his gap in [Johnson's] case is detrimental because a disability claimant bears the burden of producing objective medical evidence that demonstrates an impairment during the period that disability is alleged. 20 C.F.R. Sec. 404.1512, 416.912." The Supreme Court has described as "settled" the "allocation of burdens of proof in disability proceedings," and the burden clearly rests on Johnson to show "that he is not working, ... that he has a medically severe impairment ... and that the impairment prevents him from performing his past work." Bowen v. Yuckert, 107 S.Ct. 2287, 2294 n. 5 (1987). Johnson claims an onset date of March 15, 1983. With no medical evidence from 1983 through 1985, he cannot possibly meet the burden of proof. Dr. Turner's 1986 evaluation of Johnson shed no light on Johnson's condition in 1983. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." Bowen, id.
 
 
 27
 Consistently with his first two claims, Johnson contends the ALJ erroneously selected and isolated the medical evidence supporting denial of benefits while wrongfully discrediting evidence substantiating Johnson's claim. In particular, Johnson argues the district court improperly discounted evidence from Dr. Gonzalez, his treating physician in 1986 and 1987.
 
 
 28
 We reemphasize that our task is not to reweigh the evidence, but merely to determine whether "substantial evidence" supports the ALJ's decision. Walker v. Bowen, supra. If the ALJ followed the correct procedure and considered all the relevant evidence, and if we conclude that evidence supports his decision, we will not overturn it. Our deferential standard of review necessarily requires us to focus our analysis on the evidence the ALJ used to support his decision. That is so even where, as here, the record contains conflicting evidence.
 
 
 29
 We agree with the district court that substantial evidence favors the ALJ's decision to deny Johnson's claim because Johnson was capable of continuing medium-level work as a hospital janitor. In 1980 and 1982, following the injuries for which he was hospitalized, Johnson returned to work. Dr. Ramos' notes show that Johnson was not yet disabled and was capable of the full range of motion necessary to continue in his job. Johnson fails to provide any further medical evidence prior to the alleged onset date of March 15, 1983. Furthermore, Dr. Turner's evaluation in 1986 probably does not support a finding of disability because the form indicates that Johnson was not limited in his ability to walk, stand, sit, climb and push.
 
 
 30
 Dr. Gonzalez' reports from 1986 and 1987 do not conclusively establish disability even at that point, three and four years beyond the alleged onset date. His November 3, 1986 evaluation, based on x-rays, indicates no major limitation on his range of motion. The only limitation was on heavy lifting, which is consistent with the ALJ's determination that Johnson was capable of only medium work. Only in 1987 did Dr. Gonzalez indicate that Johnson could not lift more than ten pounds, which would disqualify him from performing medium-level work. Viewing all the evidence, the ALJ rejected that conclusion. The ALJ stated that the clinical evidence of physical examinations conducted by Dr. Gonzalez did not support Johnson's claims of pain and loss of motion. The ALJ's conclusion did not improperly discount Dr. Gonzalez' evidence; but nothing in Dr. Gonzalez' reports from 1986 and 1987 proves that Johnson was disabled in March of 1983. The ALJ properly considered all the evidence, emphasized that which he viewed to be more reliable and meaningful, and of course supported his conclusion with reference to that evidence.
 
 
 31
 The ALJ followed the proper procedures in this case. He first determined that Johnson did not have an impairment meeting or equaling a listed impairment. He then sought to determine whether Johnson's residual functional capacity allowed him "to perform work [he has] done in the past...." If so, he is not disabled. 20 C.F.R. Secs. 404.1520(a)-(f); 416.920(a)-(f). He concluded that Johnson was capable of performing his prior work as a hospital janitor. We agree with the district court that substantial evidence supports that conclusion.
 
 
 32
 Johnson also argues that the ALJ improperly relied on his personal observation at the hearing that Johnson did not seem to be in any pain. However, the ALJ explicitly stated that his personal observations were but a "small part" of his overall assessment of Johnson's claims. In any event such a credibility determination regarding a claimant's representation of pain is entitled to considerable weight. See Bibbs v. Secretary of Health, Education and Welfare, 626 F.2d 526, 528 (7th Cir.1980).
 
 IV. Conclusion
 
 33
 Substantial evidence supports the ALJ's conclusion that Johnson was capable of performing his prior work at the alleged onset date of disabilities in March of 1983. The judgment of the district court is
 
 
 34
 AFFIRMED.
 
 
 
 *
 Louis W. Sullivan has been substituted as appellee for Otis R. Bowen pursuant to Fed.R.App.P. 43(c)
 
 
 [1]
 This provision of the Social Security Administrative Regulations governing eligibility for disability benefits provides that: "If an individual is capable of performing work he or she has done in the past, a finding of 'not disabled,' must be made...."
 
 
 [2]
 Before the district court Johnson challenged as error the ALJ's finding that his past work qualified as "medium." The district court found that substantial evidence supported the finding, and Johnson has abandoned this argument on appeal