916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Omer L. NOEL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of the Department of Health and
Human Services of the United States, Defendant-Appellee.
 No. 89-2380.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 16, 1990.
 
 Before CUMMINGS and WOOD, JR., Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant, Omer Noel, appeals from the decision of the district court affirming the final decision of the Secretary denying his claim for Social Security disability benefits. We conclude, after reviewing the order of the district court as well as the record of the administrative proceedings, that the district court properly determined that the administrative law judge's decision was supported by substantial evidence. See Herr v. Sullivan, No. 89-3108, slip op. at 3-4 (7th Cir. Aug. 31, 1990). We therefore affirm the judgment of the district court based on the reasons stated in the attached memorandum opinion.[1]
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 3
 OMER NOEL, Plaintiff,
 
 
 4
 v.
 
 
 5
 OTIS R. BOWEN, M.D., Secretary of the Department of Health
 
 
 6
 and Human Services of the United States, Defendant.
 
 Case No. 88-1102
 
 7
 June 5, 1989.
 
 ORDER
 
 8
 In this case, Plaintiff, Omer Noel, seeks reversal of the decision of Administrative Law Judge Alan M. Weinman (hereinafter referred to as "ALJ") issued on October 7, 1987. In that decision, the ALJ found that Noel was "not disabled" within the meaning of the Social Security Act and therefore denied Noel's application for Social Security disability benefits. For the reasons stated below, this Court AFFIRMS the ALJ's decision.
 
 FACTS
 
 9
 In his application for disability benefits, which was filed on November 29, 1986, Plaintiff alleged that he became disabled and unable to work as of May 8, 1986 due to a bad back, arthritis, and numb feet and legs. The Social Security Administration denied Noel's claim initially and on reconsideration. The ALJ considered Noel's case de novo and determined that Plaintiff was not disabled because he retained the residual functional capacity to perform his past relevant work as a nail boxer. It is from this finding that Noel now appeals.
 
 
 10
 Noel was born on May 18, 1930 and possesses a sixth grade education. He continued to meet the Social Security Act's insured status requirements through October 7, 1987. In his job as a nail boxer, Plaintiff both sat and stood while boxing one- and five-pound boxes of nails. He testified that he quit his job due to a back injury and did not believe that he could return to his job because his hands and feet would become numb. He claimed that his lower back pain radiated into his hips and that both of his hands hurt. On a scale of one to ten, with ten being the most severe, Noel rated his back pain as being "six" or "ten." He testified that he took aspirin to relieve his back pain, and estimated that he could currently stand 15 to 20 minutes, sit 45 to 60 minutes, and lift ten to 15 pounds at a time.
 
 
 11
 Noel testified that during a typical day, he arose, dressed, shaved, drove to a restaurant for coffee, visited his sister, picked up his wife from work, watched television, assisted his wife with dinner preparations, ate dinner, washed dishes, and went to bed. He estimated that he watched six hours of television per day and acknowledged that he occasionally assisted his wife in grocery shopping. He testified that he drives approximately 100 miles per week and that he fishes for recreation.
 
 PLAINTIFF'S POSITION
 
 12
 In his brief to this Court, Plaintiff argues that the ALJ ignored both Noel's own testimony and the conclusions of his treating physician in finding that Noel could still perform his job as a nail boxer. First of all, Plaintiff notes that he testified that sitting and standing caused him discomfort and that his feet would become numb. Also, Dr. Robert I. Martin, the physician for Noel's former employer, found that Plaintiff was severely incapacitated due to degenerative disc disease and lumbosacral arthritis. Dr. Martin believed that those conditions precluded Plaintiff from performing any gainful employment.
 
 
 13
 Noel also notes that Dr. Stanley Rabinowitz, the examining physician for the Social Security Administration, observed that there was a marked restriction on flexion and extension of Noel's spine, which restriction was accompanied by pain and loss of lordosis (the anterior concavity in the curvature of lower and cervical spine as viewed from the side, Dorland's Illustrated Medical Dictionary at 1387 (25th Ed.1974) (hereinafter referred to as "Dorland's ")). Noel emphasizes that Dr. Rabinowitz found a significant restriction in the range of motion of Noel's back. Dr. Rabinowitz made no conclusions as to Noel's employability.
 
 
 14
 Noel further contends that the ALJ chose to ignore the fact that the nail boxing job was not past relevant work. Rather, Noel claims that that was a job created by his former employer so that the company could cease compensation payments. According to Noel, no other persons in the plant who had not sustained injuries were assigned to that job.
 
 SECRETARY'S POSITION
 
 15
 The Secretary acknowledges that, although the evidence indicates that Noel experienced lumbosacral arthritis and degenerative disc disease, the ALJ was not compelled to find that he was disabled due to those limitations because they did not prevent him from performing his past relevant work as a nail boxer. See, 42 U.S.C. Sec. 423(d)(2)(A); 42 C.F.R. 1505(a). According to the Secretary, the medical evidence relating to Noel's back condition as of May 8, 1986 and thereafter does not establish that he was disabled due to that condition.
 
 
 16
 When Dr. Rabinowitz examined Noel in November 1986, Noel informed the physician that he could walk one block, stand and sit 30 minutes and lift ten pounds at a time. Dr. Rabinowitz observed that Plaintiff had a normal range of motion in all joints except his lumbar spine, where he experienced pain and loss of lumbar lordosis. Dr. Rabinowitz concluded that Plaintiff had degenerative joint disease, was status post-lumbar laminectomy and diskectomy for a herniated nucleus pulposis (a protusion of tissue within an intervertebral disc through a ruptured disc rim, resulting in a herniated mass which may press against spinal cord (Schmidt's Attorneys' Dictionary of Medicine, N-58 (Vol. 2, 1980)) and that Noel had status post-laminectomy pain syndrome.
 
 
 17
 The Secretary acknowledges that Dr. Martin characterized Noel as "totally disabled" due to his back pain. Nevertheless, the Secretary emphasizes that, under 20 C.F.R. Sec. 404.1527, a physician's conclusory statement that a claimant is disabled does not mean that the Secretary must agree and award benefits. In this case, the Secretary argues that the ALJ properly declined to accord Dr. Martin's opinion controlling weight because that opinion was not supported by the requisite medically acceptable clinical and laboratory diagnostic techniques. Veal v. Bowen, 833 F.2d 693, 699 (7th Cir.1987). To the contrary, the Secretary argues that the medical findings in the record fall far short of establishing that Noel was disabled due to lumbosacral arthritis or degenerative disc disease as of May 1986. The Secretary contends that there is an absence of evidence which would show the presence of a severe back condition; weakness; atrophy; and a loss of sensation, reflexes, strength, and motor coordination.
 
 
 18
 The Secretary admits that Plaintiff's reflexes had diminished somewhat, yet stresses that Drs. Rabinowitz and Martin, along with Dr. Lizbeth Taylor, reported that Noel had not sustained a loss of sensation. While Noel walked with a stiff gait, Dr. Rabinowitz observed that he could do so without assistance. Both Drs. Rabinowitz and Martin observed that Plaintiff's straight leg raising test was negative, thus indicating that Noel had not sustained any functional loss. Also, Dr. Taylor noted that Plaintiff's neurological and sensory status was normal. Pointing to this evidence, the Secretary contends that these near normal medical findings indicate that, although Plaintiff may have experienced a minimal limitation of function, his back impairment did not render him disabled.
 
 
 19
 According to the Secretary, other factors support the Secretary's determination that Plaintiff's back impairment did not disable him. For instance, Noel testified that he usually watched television for six hours per day. Even assuming that he occasionally has to stand to relieve the numbness in his legs, the Secretary argues that his ability to sit for prolonged periods is consistent with the ALJ's finding that he could perform his work as a nail boxer, which allowed him to both stand and sit. Also, Noel testified that Tylenol or aspirin resolved his pain complaints. The Secretary asserts that a claimant's complaints of disabling pain may be discredited by evidence that his pain complaints are resolved by conservative treatment. See, Caldarulo v. Bowen, 857 F.2d 410, 413 (7th Cir.1988).
 
 
 20
 In concluding that Plaintiff retained the residual functional capacity to perform his past relevant work as a nail boxer, the ALJ compared Noel's remaining capabilities to the requirements of his past job, consistent with the rulings of the United States Court of Appeals for the Seventh Circuit. See, e.g., Steward v. Bowen, 858 F.2d 1295, 1299 (7th Cir.1988); Strittmatter v. Schweiker, 729 F.2d 507, 509 (7th Cir.1984). The ALJ observed that, while Plaintiff had a long-standing history of back problems, the medical evidence of record indicated that he had only a limited loss in range of motion and did not experience muscle spasms or sensory loss. Thus, the ALJ concluded that Noel's back impairment did not meet or equal the severity of Listing 1.05(C), which identifies the criteria which a Social Security claimant must satisfy in order to be disabled due to a vertebrogenic disorder.
 
 
 21
 The ALJ then focused on the requirements of Noel's past job as a nail boxer. Noel testified that this job required him to place nails into a box until it weighed five pounds, weigh the box, and then stack the five pound boxes into a larger box. Noel admitted that he could alternatively sit and stand while performing this job and that he was not required to lift more than ten pounds at a time. The ALJ determined that Plaintiff's impairments did not render him incapable of performing his duties as a nail boxer.
 
 THE ALJ'S FINDINGS
 
 22
 In his decision of October 7, 1987, the ALJ entered the following findings:
 
 
 23
 1. The claimant met the disability insured status requirements of the Act on May 10, 1985 [sic], the date that claimant stated he became unable to work, and continues to meet them through the date of this decision.
 
 
 24
 2. The claimant has not engaged in substantial gainful activity since May 10, 1985 [sic].
 
 
 25
 3. The medical evidence establishes that the claimant has severe lumbosacral arthritis and degenerative disc disease, but that he does not have an impairment or combination of impairments listed in, or medically equivalent to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 26
 4. The claimant's testimony with regard to the severity of his back pain is inconsistent with the medical evidence and his admitted daily activities.
 
 
 27
 5. The claimant has the residual functional capacity to perform work-related activities except for work involving frequent bending (20 C.F.R. Sec. 404.1545).
 
 
 28
 6. The claimant's past relevant work as a nail boxer did not require the performance of work-related activities precluded by the above limitation(s) (20 C.F.R. Sec. 404.1565).
 
 
 29
 7. The claimant's impairments do not prevent the claimant from performing his past relevant work.
 
 
 30
 8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. Sec. 404.1520(e)).
 
 
 31
 Consequently, the ALJ concluded that Noel was not entitled to a period of disability or disability insurance benefits under Secs. 216(i) and 223 of the Social Security Act.
 
 DECISION
 
 32
 In order to be entitled to disability benefits under SSI, a plaintiff must show that his or her inability to work is medical in nature and that he is totally disabled. Economic conditions, personal factors, financial considerations, and attitudes of employers are irrelevant in determining whether a plaintiff is eligible for disability benefits. See, 20 C.F.R. Secs. 494.1566, 416.966 (1986).
 
 
 33
 The establishment of disability under the Social Security Act is a two-step process. First, the plaintiff must be suffering from a medically determinable physical or mental impairment, or combination of impairments, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. Sec. 1382(c)(a)(3)(A). Second, there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. McNeil v. Califano, 614 F.2d 142, 143 (7th Cir.1980). That factual determination is made by using a five step test. See, 20 C.F.R. Secs. 404.1520, 416.920.
 
 
 34
 The five step test is examined by the ALJ, in order, as follows: (1) is the plaintiff presently unemployed?; (2) is the plaintiff's impairment "severe?" (20 C.F.R. Secs. 404.1521, 416.921); (3) does the impairment meet or exceed one of the list of specified impairments? (20 C.F.R. Part 404, Subpart P, Appendix 1); (4) is the plaintiff unable to perform his or her former occupation?; and (5) is the plaintiff unable to perform any other work within the national economy?
 
 
 35
 An affirmative answer at any step leads either to the next step of the test, or at steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than at step 3, stops the inquiry and leads to a determination that the plaintiff is not disabled. Garfield v. Schweiker, 732 F.2d 605 (7th Cir.1984).
 
 
 36
 The plaintiff has the burdens of production and persuasion on steps 1 through 4. However, once the plaintiff shows an inability to perform past work, the burden shifts to the Secretary to show ability to engage in some other type of substantial gainful employment. Tom v. Heckler, 779 F.2d 1250 (7th Cir.1985); Havorsen v. Heckler, 743 F.2d 1221 (7th Cir.1984).
 
 
 37
 The rules in the grid, set out in Appendix 2 of Subpart P of 20 C.F.R. Sec. 404, are considered in determining whether a plaintiff with exertional impairments is or is not disabled. The regulations provide that if an individual suffers from a non-exertional impairment, as well as an exertional impairment, both are considered in determining residual functional capacity. 20 C.F.R. Secs. 404.1545, 416.945. If a finding of disability cannot be made based upon exertional limitations alone, the rules established in Appendix 2 are used as a framework in evaluating disability. In cases where the individual has solely a non-exertional impairment, such as pain or mental impairment, a determination as to whether disability exists shall be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in Appendix 2.
 
 
 38
 The Court's function on review is not to try the case, de novo, or to supplant the ALJ's finding with the Court's own assessment of the evidence. The Court must only determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. Delgato v. Bowen, 782 F.2d 79, 82 (7th Cir.1986). In determining whether the ALJ's findings are supported by substantial evidence, the Court must consider whether the record, as a whole contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Credibility determinations made by the ALJ will not be disturbed, unless the finding is clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 39
 As stated above, the disputed issue in this case centers upon step 4 in the sequential analysis, that is, whether Noel was capable of performing his past relevant work as a nail boxer. This Court believes that Noel has failed to meet his burden of proving that he was not capable of performing that job. For this reason, this Court finds that affirmance of the ALJ's decision is appropriate.
 
 
 40
 Although Noel claims that he could not perform the nail boxing job because sitting and standing caused him pain and that his feet would become numb, Noel himself testified that he was able to stand 15 to 20 minutes at a stretch and could sit approximately 45 minutes to an hour at one time. (R. at 69). As the ALJ noted, Plaintiff's past work as a nail boxer allowed him to alternately sit and stand. Thus, there is support in the record for the ALJ's conclusion that Noel's alleged pain from sitting and standing would not preclude him from performing his past relevant work.
 
 
 41
 It is true that Dr. Martin reported that Plaintiff was severely incapacitated due to his degenerative disc disease and lumbosacral arthritis and that Dr. Martin concluded that Noel was "totally disabled." Yet, such conclusions are not binding upon the Secretary if they are not supported by the requisite medically acceptable clinical and laboratory diagnostic techniques. See, Veal, 833 F.2d at 699. Here, Plaintiff points to no medically acceptable laboratory and clinical diagnostic findings in the record to support Dr. Martin's conclusion. Thus, the ALJ need not have accorded Dr. Martin's opinion substantial deference.
 
 
 42
 Even accepting Noel's characterization of Dr. Rabinowitz's findings that the restriction on flexion and extension of Noel's spine was "marked," Noel fails to point out how that diagnosis would affect the outcome of this case. The ALJ admitted that Plaintiff was incapable of performing work-related activities that involved frequent bending, but nothing in the record indicates that Noel's past job as a nail boxer required him to bend. Consequently, the fact that there were limitations on Noel's spinal movements has not been shown to contradict the ALJ's conclusion in this case.
 
 
 43
 While Noel faults the ALJ for considering Plaintiff's numerous activities as justification for his findings, this Court finds that Noel's argument is of little help to him. Noel claims that the ALJ inferred that Plaintiff performs the activities to which he testified on a daily basis--an inference which, Noel argues, is erroneous. Assuming that Noel is correct in this contention, the ALJ's misconstruction of his testimony does not render the ALJ's conclusions unsupported by substantial evidence. That is, even if the ALJ incorrectly concluded that Noel could fish for one or two hours a day, lift ten to 15 pounds of groceries every day, walk for one block a day and drive his wife to work every day, Noel still has not shown what evidence exists in the record to prove that the limits on his capabilities did not allow him to perform his past relevant work.
 
 
 44
 Noel also makes much of the fact that the ALJ treated the nail boxing job as Plaintiff's past relevant work when, in fact, it was not. Instead, Noel contends that the nail boxing job was a position created by his former employer so that the company could cease compensation payments. Noel provides no evidence in support of this assertion. Likewise, he offers no authority for the proposition that, because the nail boxing job was designed for individuals with limited physical capacities, that job does not qualify as "past relevant work." This Court cannot say that the ALJ's finding that the nail boxing job was Noel's past relevant work is erroneous.
 
 
 45
 Because this Court finds that Plaintiff has failed to meet his burden of showing that he was incapable of performing his past relevant work, this Court AFFIRMS the decision of the Secretary.
 
 
 46
 It is so ordered this 5th day of June, 1989.
 
 
 47
 /s/ Michael M. Mihm
 
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 To the extent Noel raises issues in his brief that he did not present to the district court, such as the ALJ's failure to discuss the legal standards for past relevant work, he has waived consideration of them on appeal. See Fries v. Chicago & Northwestern Transp. Co., No. 89-1985, slip op. at 9 (7th Cir. Aug. 13, 1990)